# EXHIBIT A

ELECTRONICALLY FILED
2019 Dec 03 PM 4:36
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER:  2019-CV-002469-TO

Michael L. Hughes, #21113
McCormick Gordon Bloskey & Poirier, PA
6300 W. 143rd Street, Suite 140
Overland Park, KS 66221
mhughes@mgbp-law.com
P: (913) 322-4061
F: (913) 322-4374

**IN THE 18th JUDICIAL DISTRICT,
DISTRICT COURT, SEDGWICK COUNTY, KANSAS
CIVIL DEPARTMENT**

| | | |
|---|---|---|
| SENTRY INSURANCE A MUTUAL COMPANY as subrogee of H & R PARTS CO., INC., | ) ) ) ) | |
| Plaintiff, | ) ) | Case No.: |
| v. | ) ) | |
| FOSTORIA INDUSTRIES, INC. and TPI CORPORATION, | ) ) ) | |
| Defendants. | ) | |

## PETITION

NOW COME the Plaintiffs, SENTRY INSURANCE A MUTUAL COMPANY as subrogee of H & R PARTS CO., INC., by and through their attorneys, Michael L. Hughes of McCormick, Gordon, Bloskey & Poirier, PA, and for their Petition against the Defendants, FOSTORIA INDUSTRIES, INC. and TPI CORPORATION, state and allege as follows:

## PARTIES

1.      At all times relevant hereto, Sentry Insurance a Mutual Company (hereinafter "SENTRY") was duly licensed to issue policies of insurance, and otherwise conduct insurance business, in the State of Kansas.

2.      At all times relevant hereto, H & R Parts Co., Inc. (hereinafter "H & R PARTS") was a Kansas corporation engaged in the business of manufacturing sheet metal components for the aerospace industry.

3.      At all times relevant hereto, H & R PARTS had a manufacturing and storage facility located at 3066 South Hoover Road, Wichita, Kansas 67215 (hereinafter "subject location").

4.      At all times relevant hereto, H & R PARTS had a policy of insurance with SENTRY for the subject location and for its related business under Policy Number 2469380001.

5.      At all times relevant hereto, Fostoria Industries, Inc. (hereinafter "FOSTORIA") was a foreign corporation, engaged in the business of manufacturing industrial and heating products, among other things.

6.      At all times relevant hereto, TPI Corporation (hereinafter "TPI") was a Tennessee corporation, engaged in the business of manufacturing industrial and heating products, among other things, with a principal place of business at 114 Roscoe Fitz Road, Johnson City, Tennessee 37615.

7.      At all times relevant hereto, FOSTORIA had been acquired by TPI and operated as a wholly owned subsidiary of TPI out of TPI's Johnson City, Tennessee, location.

## GENERAL ALLEGATIONS

8.      On or about December 10, 2009, H & R PARTS purchased two Fostoria Sun-Mite CH1324-3A Infrared Heaters and their associated heating elements through Grainger Industrial Supply.

9.      Subsequent to December 10, 2009 one of the Fostoria Sun-Mite CH1324-3A

2

Infrared Heaters (hereinafter "subject Infrared Heater") and its associated heating elements was installed at the subject location above a metal stretching machine.

10.     On or about January 21, 2019, material from the subject Infrared Heater and/or its associated heating elements melted and dropped onto the area of the metal stretching machine.

11.     On or about January 21, 2019, the melted material that dropped from the subject Infrared Heater and/or its associated heating elements ignited combustible material, causing a fire at the subject location.

12.     The fire at the subject location caused damage to the property of H &R PARTS, as well as related damages.

13.     As a result of the January 21, 2019 fire, H &R PARTS made a claim to their insurance carrier, SENTRY, pursuant to Policy Number 2469380001.

14.     Pursuant to said Policy, SENTRY made payments to H & R PARTS in excess of nine-hundred thousand dollars ($900,000.00) for damages related to the January 21, 2019 fire, and has thus become legally and equitably subrogated to the recovery rights of H & R PARTS, to the extent of those payments.

15.     H & R PARTS suffered a two thousand five hundred dollar ($2,500.00) deductible loss as a result of the January 21, 2019 fire.

## FIRST CAUSE OF ACTION
### (Negligence v. FOSTORIA)

16.     SENTRY hereby incorporates by reference paragraphs 1 through 15 of this Petition as though fully set forth herein.

17.     At all times herein mentioned, FOSTORIA owed consumers and other foreseeable persons, such as H & R PARTS, duties to design, manufacture, assemble, test,

inspect, market, sell and/or distribute its Fostoria Sun-Mite CH1324-3A Infrared Heaters, including the subject Infrared Heater, and its associated heating elements, without defects and/or deficiencies, so as not to create a foreseeable risk of harm to persons and/or property, including the risk of fires and property losses.

18.     Defendant FOSTORIA breached the aforementioned duties by:

(1)     negligently and carelessly manufactured the defective subject Infrared Heater and its associated heating elements;

(2)     negligently and carelessly failed to properly inspect the subject Infrared Heater and its associated heating elements;

(3)     negligently and carelessly failed to properly inspect the subject Infrared Heater's component parts;

(4)     negligently and carelessly failed to warn H & R PARTS of the defect;

(5)     negligently and carelessly failed to warn H & R PARTS of the potential that the subject Infrared Heater and/or its associated heating elements could cause a fire;

(6)     negligently and carelessly manufactured the subject Infrared Heater and/or its associated heating elements in a way that would cause the overheating and melting of heating elements;

(7)     negligently and carelessly manufactured the subject Infrared Heater and/or its associated heating elements in a way that would cause the product to experience an electrical short; and

(8)     was otherwise negligent.

19.     The aforesaid negligence caused the January 21, 2019 fire at the subject location.

20.     As a direct and proximate result of the negligence of Defendant FOSTORIA and the ensuing fire on January 21, 2019, SENTRY's insured, H & R PARTS, sustained damages as described hereinabove.

21.     Prior to the fire, H & R PARTS did not know, nor could they have known through

the exercise of ordinary care, of the defect in the subject Infrared Heater and/or its associated heating elements.

WHEREFORE, Plaintiff, SENTRY INSURANCE A MUTUAL COMPANY, as subrogee of H & R PARTS CO., INC., respectfully request that judgment be entered in its favor and against the Defendant, FOSTORIA INDUSTRIES, INC., in the amount in excess of $75,000, for all costs incurred in pursuing this action, for all prejudgment and post-judgment interest, and for any and all other such relief as is just and proper in the premises.

## SECOND CAUSE OF ACTION
### *(Strict Liability v. FOSTORIA)*

22.    SENTRY hereby incorporates by reference paragraphs 1 through 21 of this Complaint, and makes said paragraphs a part of this, its Second Cause of Action, as though fully set forth herein.

23.    The defendant, FOSTORIA, manufactured, assembled, tested or failed to test, inspected or failed to inspect, packaged, labeled, fabricated, constructed, analyzed, distributed, merchandised and sold the subject Infrared Heater and its associated heating elements, a product which was defective in its design and/or manufacture.

24.    The defect in the subject Infrared Heater and/or its associated heating elements was a substantial and legal cause and/or a substantial factor in the fire of January 21, 2019.

25.    As a direct and proximate result of the defective condition of the subject Infrared Heater and/or its associated heating elements and the fire of January 21, 2019, SENTRY's insured, H & R PARTS, sustained damages as described hereinabove.

26.    H & R PARTS did not know, nor could they have known through the exercise of ordinary care, of the defect in the subject Infrared Heater and/or its associated heating elements.

WHEREFORE, Plaintiff, SENTRY INSURANCE A MUTUAL COMPANY, as subrogee of H & R PARTS CO., INC., respectfully request that judgment be entered in its favor and against the Defendant, FOSTORIA INDUSTRIES, INC., in the amount in excess of $75,000, for all costs incurred in pursuing this action, for all prejudgment and post-judgment interest, and for any and all other such relief as is just and proper in the premises.

### THIRD CAUSE OF ACTION
*(Negligence v. TPI)*

27.     SENTRY hereby incorporates by reference paragraphs 1 through 26 of this Complaint, and makes said paragraphs a part of this, its Third Cause of Action, as though fully set forth herein.

28.     At all times herein mentioned, TPI owed consumers and other foreseeable persons, such as H & R PARTS, duties to design, manufacture, assemble, test, inspect, market, sell and/or distribute its Fostoria Sun-Mite CH1324-3A Infrared Heaters, including the subject Infrared Heater, and its associated heating elements, without defects and/or deficiencies, so as not to create a foreseeable risk of harm to persons and/or property, including the risk of fires and property losses.

29.     Defendant TPI breached the aforementioned duties by:

(1)     negligently and carelessly manufactured the defective subject Infrared Heater and its associated heating elements;

(2)     negligently and carelessly failed to properly inspect the subject Infrared Heater and its associated heating elements;

(3)     negligently and carelessly failed to properly inspect the subject Infrared Heater's component parts;

(4)     negligently and carelessly failed to warn H & R PARTS of the defect;

(5)     negligently and carelessly failed to warn H & R PARTS of the potential

6

that the subject Infrared Heater and/or its associated heating elements could cause a fire;

(6)     negligently and carelessly manufactured the subject Infrared Heater and/or its associated heating elements in a way that would cause the overheating and melting of heating elements;

(7)     negligently and carelessly manufactured the subject Infrared Heater and/or its associated heating elements in a way that would cause the product to experience an electrical short; and

(8)     negligently and carelessly failed to properly supervise its subsidiary, subcontractor and/or agent in the manufacture of the subject Infrared Heater and its associated heating elements; and

(9)     was otherwise negligent.

30.     The aforesaid negligence caused the January 21, 2019 fire at the subject location.

31.     As a direct and proximate result of the negligence of Defendant TPI and the ensuing fire on January 21, 2019, SENTRY's insured, H & R PARTS, sustained damages as described hereinabove.

32.     Prior to the fire, H & R PARTS did not know, nor could they have known through the exercise of ordinary care, of the defect in the subject Infrared Heater and/or its associated heating elements.

WHEREFORE, Plaintiff, SENTRY INSURANCE A MUTUAL COMPANY, as subrogee of H & R PARTS CO., INC., respectfully request that judgment be entered in its favor and against the Defendant, TPI CORPORATION, in the amount in excess of $75,000, for all costs incurred in pursuing this action, for all prejudgment and post-judgment interest, and for any and all other such relief as is just and proper in the premises.

7

## FOURTH CAUSE OF ACTION
### *(Strict Liability v. TPI)*

33.     SENTRY hereby incorporates by reference paragraphs 1 through 32 of this Complaint, and makes said paragraphs a part of this, its Second Cause of Action, as though fully set forth herein.

34.     The defendant, TPI, and/or its subsidiary or agent, manufactured, assembled, tested or failed to test, inspected or failed to inspect, packaged, labeled, fabricated, constructed, analyzed, distributed, merchandised and sold the subject Infrared Heater and its associated heating elements, a product which was defective in its design and/or manufacture.

35.     The defect in the subject Infrared Heater and/or its associated heating elements was a substantial and legal cause and/or a substantial factor in the fire of January 21, 2019.

36.     As a direct and proximate result of the defective condition of the subject Infrared Heater and/or its associated heating elements and the fire of January 21, 2019, SENTRY's insured, H & R PARTS, sustained damages as described hereinabove.

37.     H & R PARTS did not know, nor could they have known through the exercise of ordinary care, of the defect in the subject Infrared Heater and/or its associated heating elements.

WHEREFORE, Plaintiffs, SENTRY INSURANCE A MUTUAL COMPANY, as subrogee of H & R PARTS CO., INC., respectfully request that judgment be entered in its favor and against the Defendant, TPI CORPORATION, in the amount in excess of $75,000, for all costs incurred in pursuing this action, for all prejudgment and post-judgment interest, and for any and all other such relief as is just and proper in the premises.

## JURY DEMAND

NOW COME the Plaintiffs, SENTRY INSURANCE A MUTUAL COMPANY, as

subrogee of H & R PARTS CO., INC., by counsel, and hereby demand trial by jury of all triable issues herein.

Respectfully submitted,

McCORMICK GORDON BLOSKEY & POIRIER

By:*/s/ Michael L. Hughes*
    Michael L. Hughes      #21113
    6300 W. 143rd Street
    Suite 140
    Overland Park, KS 66223
    Telephone: (913) 322-4061
    Facsimile: (913) 322-4374
    mhughes@mgbp-law.com

    AND

    Michael J. Griffin
    NIELSEN, ZEHE & ANTAS, P.C.
    55 West Monroe Street, Suite 1800
    Chicago, IL 60603
    Tele No.:    (312) 322-9900
    Fax No.:    (312) 322-9977

    *Attorneys for Plaintiff*

9

ELECTRONICALLY FILED
2019 Dec 05 PM 2:13
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER:  2019-CV-002469-TO

H&R Parts Co., Inc.

vs.

Fostoria Industries, Inc., et al. et. al.

**SUMMONS**

## Chapter 60 - Service by Attorney or Process Server

To the above-named Defendant/Respondent:

> **TPI Corporation**
> **114 Roscoe Fitz Road**
> **Johnson City, TN  37615**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

> M. L Hughes, Hughes
> 6300 W. 143rd Street
> Suite 140
> Overland Park, KS 66223

within 30 days after service of summons on you.



Bernadine D. Lumbreras

Clerk of the District Court
Electronically signed  on 12/05/2019 03:23:06 PM

**Documents to be served with the Summons:**

ELECTRONICALLY FILED

H&R Parts Co., Inc.

vs.

Fostoria Industries, Inc., et al. et. al.

2019 Dec 05 PM 2:13
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER:  2019-CV-002469-TO

**SUMMONS**

## Chapter 60 - Service by Attorney or Process Server

To the above-named Defendant/Respondent:

**Fostoria Industries, Inc.**

**114 Roscoe Fitz rD**

**Johnson City, TN  37615**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

M. L Hughes, Hughes

6300 W. 143rd Street

Suite 140

Overland Park, KS 66223

within 30 days after service of summons on you.



Bernadine D. Lumbreras

Clerk of the District Court

Electronically signed  on 12/05/2019 03:23:06 PM

**Documents to be served with the Summons:**

ELECTRONICALLY FILED
2019 Dec 28 AM 10:09
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER:  2019-CV-002469-TO



# Washington County Sheriff's Office

| DOWNTOWN CENTRE | DETENTION CENTER |
|---|---|
| 101 E. Market St. | 114 W. Jackson Boulevard |
| P.O. Box 1217 | P.O. Box 97 |
| Johnson City, TN 37605-1217 | Jonesborough, TN 37659-0097 |
| (423)461-1414 | (423)753-1701 |
| Facsimile: (423)926-5493 | Facsimile: (423)753-5011 |

**ED GRAYBEAL**
SHERIFF

STATE OF TENNESSEE
COUNTY OF WASHINGTON

## AFFIDAVIT OF SERVICE

I, _W.K. Hurt_____, state that I am a Deputy Sheriff of Washington County, TN.,
and have the authority to service any type of process within Washington County, TN.

I, _W.K Hurt_____, served _TPT- Fosnova Industry_____

the __12__ day of __12_____, 20 _19_.

I, _____, did not serve _____

_____

the _____ day of _____, 20_____.

_W.K / Le pton_____
Deputy Sheriff

_Kimberly J Lowe_____
Notary Public

Commission Expires: _Dec. 5 20__

FIRST NATIONALLY ACCREDITED SHERIFF'S OFFICE IN TENNESSEE



Wcso273 (rev. 04/04)

ELECTRONICALLY FILED
2019 Dec 28 AM 10:09
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER:  2019-CV-002469-TO



# Washington County Sheriff's Office

| DOWNTOWN CENTRE | DETENTION CENTER |
|---|---|
| 101 E. Market St. | 114 W. Jackson Boulevard |
| P.O. Box 1217 | P.O. Box 97 |
| Johnson City, TN 37605-1217 | Jonesborough, TN 37659-0097 |
| (423)461-1414 | (423)753-1701 |
| Facsimile: (423)926-5493 | Facsimile: (423)753-5011 |

**ED GRAYBEAL**
SHERIFF

STATE OF TENNESSEE
COUNTY OF WASHINGTON

### AFFIDAVIT OF SERVICE

I, _W. Kevin Hum_____, state that I am a Deputy Sheriff of Washington County, TN., and have the authority to service any type of process within Washington County, TN.

I, _W. Kevin Hus_____, served ___TPI_____

_____

the _12_ day of ____12_____, 20 _19_ .

I, _____, did not serve _____

_____

the _____ day of _____, 20_____ .

_W.K. H._____ pmon
Deputy Sheriff

_Kimberly J._____
Notary Public

Commission Expires: _Dec 15 2020_____



FIRST NATIONALLY ACCREDITED SHERIFF'S OFFICE IN TENNESSEE

Wcso273 (rev. 04/04)