**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| SENTRY INSURANCE A MUTUAL COMPANY AS SUBROGEE OF H & R PARTS CO., INC., <br><br> Plaintiff, <br><br> v. <br><br> TPI CORPORATION and CHROMALOX, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 6:20-cv-1004-SAC-TJJ |

## ORDER

On September 23, 2020, the undersigned Magistrate Judge conducted a telephone status conference with the parties regarding District Senior Judge Crow's Order (ECF No. 48) directing the parties to confer over the need, scope and timing of discovery raised in Plaintiff's motion for extension of time to respond (ECF No. 47) to the motion to dismiss (ECF No. 42) filed by Defendant Chromalox, Inc. ("Chromalox"), and the parties' prior requests for extensions of the amended scheduling order deadlines. Plaintiff appeared through counsel, Michael J. Griffin and Michael L. Hughes. Defendant TPI Corporation appeared though counsel, Thomas W. Baker. Defendant Chromalox appeared through counsel, Mark D. Feczko and Adam T. Suroff.

After hearing from counsel and reviewing the relevant docket filings, the undersigned Magistrate Judge made the following rulings:

1. Plaintiff's request for limited jurisdictional discovery, including one deposition and some written discovery, is granted over the objection of Defendant Chromalox. Plaintiff has convinced the Court that Defendant Chromalox's website listing of a distributor in Olathe, Kansas does raise some questions which would warrant allowing Plaintiff to conduct limited discovery on the jurisdiction

issues. Plaintiff shall therefore be permitted to conduct limited discovery on the jurisdictional issues raised in Defendant Chromalox's motion to dismiss (ECF No. 42). Such discovery shall be completed **within 60 days of the date of this Order** and shall be limited in scope to the following:

a. Only one deposition shall be permitted, which shall be the deposition of Defendant Chromalox's Vice President --- Global Professional Services, whose declaration was attached to Defendant Chromalox's brief in support of its motion to dismiss (ECF No. 43-2);

b. No more than 20 interrogatories on the jurisdictional issues shall be allowed;

c. No more than 20 requests for production on the jurisdictional issues shall be allowed; and

d. No more than 10 requests for admission on the jurisdictional issues shall be allowed.

2. Discovery on the merits shall be permitted to proceed while Defendant Chromalox's motion to dismiss is pending and during the limited jurisdictional discovery permitted above, except that that no depositions other than the one deposition allowed above shall be permitted within the next 60 days.

3. All unexpired case deadlines are hereby held in abeyance pending further order of the court.

4. Another telephone status/scheduling conference before the undersigned Magistrate Judge will be scheduled after the District Judge rules on Defendant

       Chromalox's pending motion to dismiss, or at such earlier time as the Court deems necessary.

5.     The rulings herein do not extend Plaintiff's deadline to file its response to Defendant Chromalox's pending motion to dismiss. If desired, Plaintiff will need to file a new motion requesting an extension, which District Senior Judge Crow will consider.

**IT IS SO ORDERED BY THE COURT**

Dated: September 23, 2020, at Kansas City, Kansas.

                                                                      _/s/ Teresa J. James_
                                                                       Teresa J. James
                                                                       U. S. Magistrate Judge