IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SENTRY INSURANCE A MUTUAL
COMPANY AS SUBROGEE OF
H&R PARTS CO., INC.,

    Plaintiff,

 v.             No. 20-1004-SAC-TJJ

TPI CORPORATION and
CHROMALOX, INC.,

    Defendants.

## MEMORANDUM AND ORDER

The case comes before the court on the motion (ECF# 57) by the plaintiff Sentry Insurance A Mutual Company as subrogee of H&R Parts Co., Inc. ("Sentry") for leave to file under seal its response to the defendant Chromalox, Inc.'s ("Chromalox's") motion to dismiss for lack of jurisdiction (ECF# 42). The court had granted Sentry additional time (ECF# 54) to file its response and to conduct discovery as outlined in the Magistrate Judge's order of September 23, 2020, (ECF#52). In its motion to file under seal, Sentry explains that it deposed Chromalox's Vice President of Professional Services and that Chromalox has designated the deposition as "confidential" making it subject to the protective order (ECF# 21). Sentry seeks to file under seal its response, the deposition, and the exhibits to the deposition.

1

Sentry offers no arguments for sealing but files this motion to comply with the protective order.

> The protective order provides:
>
> Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The mere designation of information as confidential pursuant to this Order is insufficient to satisfy the court's requirements for filing under seal in light of the public's qualified right of access to court dockets. The parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion.

ECF# 21, ¶ 7. Sentry's motion is insufficient for this court to seal its response, deposition, and deposition exhibits. "That a party's request to seal 'is unopposed or that it refers to material protected from disclosure by a protective order is not, in itself, sufficient basis for this Court to seal.'" *Bullard v. Goodyear Tire and Rubber Co.*, No. 09-4024-SAC, 2011 WL 5248085, at *1 (D. Kan. Apr. 12, 2011) (quoting *Carefusion 213, LLC v. Professional Disposables, Inc.*, 2010 WL 2653643 (D. Kan. Jun. 29, 2010). The higher standard for sealing is well stated in *Carefusion 213*:

> It is well settled that federal courts recognize a common-law right of access to judicial records. This right derives from the public's interest in understanding disputes that are presented to a public forum for resolution and is intended to assure that the courts are fairly run and judges are honest. This public right of access, however, is not absolute. Because federal district courts have supervisory control over their own records and files, the decision whether to allow access to those records is left to the court's sound discretion. In exercising that discretion, the court must consider the relevant facts and circumstances of the case and balance the public's right of access, which is presumed paramount, with the parties' interests in sealing the record or a portion thereof. Documents should be sealed only on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture.

*Carefusion 213*, 2010 WL 2653643 at *1 (footnotes, quotation marks and citations omitted). "A party seeking to file court records under seal must overcome a presumption, long supported by courts, that the public has a common-law right of access to judicial records." *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135 (10th Cir. 2011). As the party designating the deposition and exhibits as confidential and presumably opposing their disclosure and use in Sentry's response, the court looks to Chromalox to overcome this presumption. It "must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Id*. at 1135-36.  Specifically, the party "must come forward with evidence as to the nature of the public or private harm that would result if it were so filed." *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, 2007 WL 101858, at *5 (D.Kan.2007).

        Chromolax shall have ten days to file its position on sealing Sentry's response and the deposition/exhibits, and if sealing is requested, then to demonstrate any alleged harm from publicly filing each consistent with the authorities discussed above. Chromolax also should discuss the option of sealing only portions of these filings.

        IT IS THEREFORE ORDERED that Sentry's motion for leave to file under seal is taken under advisement with Chromolax having ten days to file

its position on sealing and to carry its burden to support the sealing of any requested filings or portions thereof.

Dated this 2nd day of December, 2020, Topeka, Kansas.

/s Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge