IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SENTRY INSURANCE A MUTUAL
COMPANY AS SUBROGEE OF
H&R PARTS CO., INC.,

        Plaintiff,

     v.                              No. 20-1004-SAC-TJJ

TPI CORPORATION and
CHROMALOX, INC.,

        Defendants.


MEMORANDUM AND ORDER

        The case comes before the court on the motion (ECF# 42) by the defendant Chromolox, Inc. ("Chromolox") to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. As alleged in the first amended complaint, H&R Parts Co., Inc. ("H&R") manufactures sheet metal components for the aerospace industry. In December of 2009, H&R purchased two infrared heaters manufactured by a subsidiary of TPI Corporation ("TPI"). H&R purchased the heaters through Grainger Industrial Supply and installed them. On or about January 21, 2019, melted material dropped from the infrared heater or its heating elements igniting combustible material and causing a fire at H&R. Prior to the fire, the heating elements in the infrared heater were replaced with heating elements manufactured by Chromalox. Chromalox submits uncontested evidence that

1

the markings on the heating element in question show it was manufactured at Chromslox's facility in Mexico and was shipped from that facility to TPI Corporation Raw Materials, in Gray, Tennessee, on August 31, 2012. (Affidavit of Bruce Barnes, Chromalox Vice President of Global Professional Services, ECF# 43-2, ¶ 13).

Chromalox denies personal jurisdiction exists in this district, because it is a Delaware corporation with its principal place of business in Pittsburgh, Pennsylvania, and it does not rent or own property in Kansas, did not design, manufacture, or sell the heating element in Kansas, and did not ship this heating element to Kansas. The plaintiff Sentry Insurance Mutual Company ("Sentry") concedes that Chromalox did not manufacture the heating element in Kansas and did not initially sell or ship it to Kansas. Nonetheless, Sentry argues that Chromalox in its ordinary course sells and distributes a substantial amount of electric heating products into Kansas and that this level of business activity warrants the court exercising "jurisdiction over it for a transaction that occurred beyond Kansas borders." ECF# 62, p. 6.

As the party asserting personal jurisdiction to exist, Sentry bears the burden of proving it. *XMission, L.C. v. Fluent LLC,* 955 F.3d 833, 839 (10th Cir. 2020). From the complaint, the court accepts the well-pleaded facts unless "controverted by sworn statements." *Id.* at 836 (internal citations omitted). In the absence of an evidentiary hearing, the plaintiff

must "make a prima facie showing that jurisdiction exists" and may
overcome dismissal with well-pled allegations or sworn statements, if true,
would sustain personal jurisdiction of the defendant. *Id*. at 839 (internal
quotation marks and citations omitted).

"Personal jurisdiction is established by the laws of the forum
state and must comport with constitutional due process." *Fireman's Fund
Ins. Co. v. Thyssen Min. Const. of Canada, Ltd.*, 703 F.3d 488, 492 (10th
Cir. 2012). As liberally construed by Kansas courts, the forum's long-arm
statute extends "personal jurisdiction over nonresident defendants to the full
extent permitted by the due process clause of the Fourteenth Amendment of
the United States Constitution." *In re Hesston Corp.*, 254 Kan. 941, 951, 870
P.2d 17 (1994)(internal quotation marks and citation omitted).
"Consequently, this court need not conduct a statutory analysis apart from
the due process analysis." *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159,
1166 (10th Cir. 2011)(internal quotation marks and citation omitted).

"'The Supreme Court has held that, to exercise jurisdiction in
harmony with due process, defendants must have "minimum contacts" with
the forum state, such that having to defend a lawsuit there would not
"offend traditional notions of fair play and substantial justice."'" *Newsome v.
Gallacher*, 722 F.3d 1257, 1264 (10th Cir. 2013) (quoting *Dudnikov v. Chalk
& Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (quoting
in turn *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct.

3

154, 90 L.Ed. 95 (1945))). The defendant's minimum contacts must be such that the defendant "'should reasonably anticipate being haled into court there.'" *XMission*, 955 F.3d at 839-40 (quoting *World-Wide Volkswagen Corp. v Woodson*, 444 U.S. 286, 297 (1980)). There are two types of personal jurisdiction with the first being "general" or "all purpose" which allows a court to "hear any claim against that defendant, even if all the incidents underlying the claim occurred" outside the forum, and the second being "specific" or "case linked" which allows a court to hear only claims "deriving from, or connected with, the very controversy that establishes jurisdiction." *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County,*, ---U.S.---, 137 S. Ct. 1773, 1780 (2017).

For general jurisdiction, minimum contacts exist when a defendant corporation's "affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Old Republic Insurance Company v. Continental Motors, Inc.*, 877 F.3d 895, 904 (10th Cir. 2017) (internal quotation marks and citations omitted). "Because general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's continuous and systematic general business contacts." *Id.* "But 'only a limited set of affiliations with a forum will render a defendant amendable to' general jurisdiction in that State." *Bristol-Myers Squibb*, 137 S. Ct. at 1780 (quoting *Daimler AG v. Bauman*, 571 U.S. 117,

4

137 (2014) ("With respect to a corporation, the place of incorporation and principal place of business are paradigm . . . bases for general jurisdiction.") It's not enough that a defendant corporation has "sizable sales" in a forum as "[s]uch exorbitant exercises of all-purpose jurisdiction would scarcely permit out-of-state defendants 'to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.'" *Daimler AG*, 571 U.S. at 139 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

The plaintiff concedes that Kansas is not the place of Chromalox's incorporation or principal business. But, the plaintiff argues that Chromalox has sales to Kansas in excess of one million dollars each of the last five years,[1] has more than 100 hundred Kansas customers, advertises itself as having a global presence and as having a Kansas representative, and employs an application engineer who lives in Kansas and provides technical support to Kansas customers. These are not the kind, quality and quantity of "continuous corporate operations within a state [that are] so substantial and of such a nature as to justify suit . . . on causes of action arising from dealings entirely distinct from those activities." *Daimler AG*, 571 U.S. at 138 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945)). Considered together, these facts utterly fail to show that

---

[1] Chromalox in reply notes that its Kansas sales "represent less than 1% of its total annual sales." ECF# 61, n. 6.

5

Chromalox's presence in Kansas is equivalent to "one in which the corporation is fairly regarded as at home." *Bristol-Myers Squibb*, 137 S. Ct. at 1780. Nationwide sales, including some to the forum in question, are insufficient for general jurisdiction. *Goodyear Dunlop Tires Ops.*, 564 U.S. 915, 929 (2011). "As *International Shoe* itself teaches, a corporation's 'continuous activity of some sorts within a state is not enough to support the demand that the corporation be amenable to suits unrelated to that activity.'" *Daimler AG*, 571 U.S. at 132 (quoting *International Shoe*, 326 U.S. at 318). Sentry has only shown some continuous activity and sales in Kansas but nothing so substantial on which to base general jurisdiction consistent with the above controlling precedent. The plaintiff's "stream of commerce arguments are to no avail for general jurisdiction." *Eaves v. Pirelli Tire, LLC*, No. 13-1271-SAC, 2014 WL 1883791, at *9 (D. Kan. May 12, 2014).

        In contrast to general jurisdiction, specific exists "only for claims related to the defendant's contacts with the forum." *XMission*, 955 F.3d at 840 (citation omitted). The rationale is that a non-resident has engaged "in some purposive conduct directed at the forum state" for which consent to be sued for claims arising from that very conduct is deemed to have been given. *Id.* "Specific jurisdiction is proper if (1) the out-of-state defendant purposefully directed its activities at residents of the forum State, and (2) the plaintiff's alleged injuries arise out of or relate to those activities." *XMission*, 955 F.3d at 840 (internal quotation marks and citations omitted).

The plaintiff asserts that Chromalox put the heating element into the stream of commerce by shipping it to Tennessee and, then based on its other contacts to Kansas, could reasonably expect the heating element would be purchased by consumers in Kansas. The plaintiff does little more than assert this theory and fails to discuss any current and controlling precedent supporting its application here.

The plaintiff's theory cannot prevail because of the second requirement to personal jurisdiction which exists "to ensure that there is an adequate link between the forum State and claims at issue, regardless of the extent of defendant's other activities connected to the forum." *Id.* The Supreme Court in *Bristol-Myers* explained this requirement as a settled principle of specific jurisdiction:

> In order for a court to exercise specific jurisdiction over a claim, there must be an "affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." *Goodyear*, 564 U.S., at 919, 131 S.Ct. 2846 (internal quotation marks and brackets in original omitted). When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State. *See id.*, at 931, n. 6, 131 S.Ct. 2846 ("[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales").

137 S. Ct. at 1781. Therefore, this connection required between the forum and the claims in controversy are not relaxed or satisfied by the defendant corporation's other forum contacts that are unrelated to these claims. *Id.*

Under the guise of stream of commerce, the plaintiff is asserting specific jurisdiction based on Chromalox's solicitation and sales activities to third parties in the State of Kansas. Indeed, the plaintiff admits that the heating element in question was not manufactured, sold or shipped by Chromalox in Kansas and that the transaction in question "occurred beyond Kansas borders." ECF# 62, p. 6. Chromalox's sales relationships with third parties in Kansas are not enough for specific jurisdiction. This is true notwithstanding the plaintiff's general allegations of a stream of commerce theory.[2] As the Supreme Court has explained, "a defendant's relationship with a . . . third party, standing alone, is an insufficient basis for jurisdiction." *Bristol-Myers*, 137 S. Ct. at 1781.

The plaintiff's own admission establishes that the heating elements in question were not shipped or sold directly by Chromalox into Kansas, but Tennessee. There is no allegation or evidence that the Chromalox controlled or directed this later sale and shipment to Kansas. The plaintiff has failed to show how Chromalox's Kansas-related contacts were either "in the causal chain leading to the plaintiff's injury" or "relevant to the merits of the plaintiff's claim." *Tomellari v. MEDL Mobile, Inc.*, 657 Fed. Appx. 793, 796 (10th Cir. Aug. 3. 2016) (discussed and applied the

---

[2] Summarizing the holding in *J. MccIntryre Machinery, Ltd. v. Nicastro*, 564 U.S. 873 (2011), the Tenth Circuit said that "six Justices emphasized that personal jurisdiction did not exist simply because of a defendant's awareness that its products could, through the stream of commerce, end up in the forum State." *XMission*, 955 F.3d at 843.

standards of but-for causation or proximate cause for the requirement of an injury arising out of Kansas contacts).  Thus, the plaintiff is unable to make a prima facie case of specific jurisdiction, because it cannot show that its claims arise from Chromalox's contacts with Kansas. *See Butler v. Daimler Trucks N.A., LLC,* 433 F. Supp. 3d 1216, 1232-33 (D. Kan. 2020) ("[A]ny exercise of specifc jurisdiction must be based on DTNA's [defendant's] suit-related contacts with Kansas." And the plaintiff did not show any of the defendant's Kansas-related activities were part of the causal chain or were suit-related activities); *Dernick v. Cobra King Industry Co., Ltd.,* No. 18-2217-MSK-KLM, 2020 WL 5893412, at *5 (D. Colo. Oct. 5, 2020) (Even if the third-party shipments could satisfy the purposeful direction requirement, the plaintiff is still "required to show that his claims arise from that contact." And the defendant here did not make or control the shipment of the automobile part to Colorado). The court does not have specific jurisdiction over Chromalox.

IT IS THEREFORE ORDERED that the defendant Chromalox's motion to dismiss the plaintiff's first amended complaint for lack of personal jurisdiction (ECF# 42) is granted.

Dated this 28th day of December, 2020, Topeka, Kansas.

/s Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge